UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60282-CIV-COHN/SELTZER

DUDLEY KINLOCK,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO BANK, N.A ., d/b/a Premiere
Assets Services; WELLS FARGO
BANK, N.A., d/b/a Wells Fargo Home
Mortgage; ADAM PRINCE; ALL PRIME
REALTY INC.; and JOHN DOES 1-100,

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint [DE 24], Defendant All Prime Realty, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [DE 25], and Defendant Adam Prince's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [DE 48] (together, "Motions to Dismiss"), as well as Plaintiff's Motion for Leave to Amend Complaint [DE 52] ("Motion to Amend"). The Court has carefully reviewed these motions and all related filings and is otherwise fully advised in the premises.[1]

---

[1] Defendants All Prime Realty, Inc., and Adam Prince have also filed a Motion to Extend Deadlines, Postpone Mediation, and Hold Mediation and Depositions at Courthouse [DE 47]. Because the Court concludes herein that the action should be dismissed with prejudice, that motion will be denied as moot.

**I.      Background**

In November 2009, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, (the "Circuit Court") entered a Final Summary Judgment of Mortgage Foreclosure against Dudley Kinlock, the Plaintiff in this action.  See DE 62-2.  The Circuit Court ordered that Kinlock's property (the "Property") be sold at a public sale and that a Certificate of Title be issued to the purchaser.  See id.  After numerous delays—apparently caused by post-judgment motions, appeals, and bankruptcy petitions filed by Kinlock—the Property was sold in November 2013.  See DE 62-1 (foreclosure case docket) at 3-6.

Defendant Wells Fargo, N.A., ("Wells Fargo") was the servicer of Kinlock's mortgage loan and obtained title to the Property through the foreclosure sale.  See DE 15 at 34-35 (Ex. IV to Pl.'s Am. Compl.).  On behalf of Wells Fargo, Defendants All Prime Realty, Inc., ("All Prime") and Adam Prince offered "financial relocation assistance" to Kinlock, who still occupied the Property.  See id.  That assistance was essentially a payment to Kinlock in exchange for him vacating the Property; the sooner he left, the larger the payment.  See id.

On February 11, 2015, Kinlock filed this action pro se.  See DE 1 (Compl.).  His present Amended Complaint [DE 15], written in a narrative fashion, is sometimes disjointed and difficult to follow.  Kinlock's allegations focus primarily on encounters he claims to have had with Prince in February and March 2014.  See DE 15 at 4-14.  According to Kinlock, Prince repeatedly visited the Property to take photographs of it and to post notices from Wells Fargo about the financial relocation assistance.  Kinlock asserts that during these visits, Prince harassed him, refusing to leave and telling him that he had to vacate the Property because he no longer owned it.  More, Kinlock

alleges that Wells Fargo directed All Prime and Prince to confront him in this manner. The Amended Complaint pleads several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. See DE 15 at 15-17.[2]

All three Defendants have moved to dismiss the Amended Complaint, arguing (among other points) that Kinlock has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Kinlock opposes the Motions to Dismiss and also seeks leave to further amend his Complaint by adding four new claims against various Defendants. The Motions to Dismiss and Motion to Amend are fully briefed and ripe for decision.

## II.  Discussion

### A.  Defendants' Motions to Dismiss

#### 1.  Dismissal Standards

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint therefore must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[2] Kinlock also seeks a declaration that Defendants "repeatedly committed perjury in state and federal court." DE 15 at 17. Because perjury is a criminal offense, this claim is not cognizable in a civil action, so it will be summarily dismissed.

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

At this stage in the litigation, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences therefrom in the plaintiff's favor. See Twombly, 550 U.S. at 555-56. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id. Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). And while pro se pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), they still must satisfy the pleading requirements of applicable law and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### 2. Analysis of Defendants' Motions

Defendants maintain that Kinlock's Amended Complaint fails to state a plausible claim for relief because it does not identify the facts supporting each alleged violation. The Court finds this argument well-taken. Kinlock pleads numerous facts, most relating to his encounters with Prince. When he sets forth his FDCPA and FCCPA claims, Kinlock restates certain general allegations and then proceeds to recite several statutory provisions that Defendants allegedly violated. See DE 15 at 15-17. Kinlock, however, does not link the alleged facts to the elements of each statute he invokes. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

4

Yet the Amended Complaint presents a more fundamental problem.  To state an FDCPA claim, Kinlock must plausibly allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Rajbhandari v. U.S. Bank, --- F.R.D. ---, 2015 WL 1221992, at *3 (S.D. Fla. Mar. 17, 2015).  Even accepting his alleged facts as true and construing them liberally, nothing in the Amended Complaint suggests that Kinlock was "the object of collection activity arising from a consumer debt."[3]  Id.  Again, the crux of Kinlock's allegations is that Prince (at the other Defendants' direction) repeatedly harassed Kinlock by posting notices about financial relocation assistance, refusing to leave after being asked to do so, and telling Kinlock that he had to vacate the Property because his mortgage had been foreclosed.  Kinlock's Responses to the Motions to Dismiss confirm that his claims are based on this alleged conduct.  See DE 50 at 4-5, 9-10, 14, 18; DE 54 at 2-4, 8-9, 11-12.

Kinlock's filings show that Defendants' claimed acts were not intended to collect a debt from Kinlock but, rather, to take possession of the Property for the new owner, Wells Fargo.  At that time, the Circuit Court had entered a final judgment foreclosing Kinlock's mortgage, the Property had been sold, and Wells Fargo had obtained title.  Regardless of whether Kinlock still owed any debt to his mortgage lender, Defendants' alleged actions toward him did not involve collection of that debt.  Kinlock's FDCPA and FCCPA claims therefore fail, and the Motions to Dismiss will be granted.

---

[3] The FCCPA imposes a similar requirement, prohibiting certain practices "[i]n collecting consumer debts."  Fla. Stat. § 559.72.

### B.     Plaintiff's Motion to Amend

In his Motion to Amend, Kinlock states that he "has decided to add additional counts as to acts of Trespass, Florida Unfair Deceptive Trade Practices Act and Intentional Infliction of Emotional Distress," as well as "Civil Damages for Fraudulent Filing of Information Return." DE 52 at 1-2, ¶¶ 1-2. But Kinlock filed the Motion to Amend two months after the scheduling-order deadline for amendment of pleadings. See DE 5 at 2 (Order Setting Calendar Call, Trial Date, & Pretrial Deadlines). A pretrial scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). And the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16(b) advisory committee notes (1983)). Thus, to obtain leave to amend, Kinlock must first show that he acted diligently in trying to meet the amendment deadline. See id. at 1419; see also S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").

Kinlock has not shown good cause for permitting him to further amend his Complaint two months after the amended-pleadings deadline. His proposed Second Amended Complaint shows that the new claims he seeks to assert are all based on facts alleged in his current Amended Complaint. See DE 52-1 at 20-24. Thus, Kinlock was aware of the factual bases for these claims at least as early as the filing of his Amended Complaint, just three days after the amendment deadline. See, e.g., DE 15

6

at 6-7, ¶ 31 (detailing Kinlock's emotional distress caused by Prince's alleged conduct); id. at 12, ¶ 54 (asserting that Prince was "basically a trespasser"). Because Kinlock was not diligent in pleading the claims sooner, the Court will deny the Motion to Amend.

### III.  Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint [DE 24] is **GRANTED**;

2. Defendant All Prime Realty, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [DE 25] is **GRANTED**;

3. Defendant Adam Prince's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [DE 48] is **GRANTED**;

4. Plaintiff's Motion for Leave to Amend Complaint [DE 52] is **DENIED**;

5. Defendants All Prime Realty, Inc.'s and Adam Prince's Motion to Extend Deadlines, Postpone Mediation, and Hold Mediation and Depositions at Courthouse [DE 47] is **DENIED AS MOOT**;

6. The above-styled action is **DISMISSED WITH PREJUDICE**; and

7. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of June, 2015.

*(signed)* JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record and
pro se parties via CM/ECF